UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-20081-KMM

FLSC RECYCLING, LLC,

    Plaintiff,

v.

OC TEXTILE RECYCLING, INC., *et al.*,

    Defendants.

_____ /

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Plaintiff FLSC Recycling, LLC's Motion for an Award of Attorneys' Fees and Costs (ECF No. 29). No response has been filed and the time to do so has passed. The matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or issue a Report and Recommendation regarding the Motion. (ECF No. 30). Having considered the Motion, the record, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED, in part**, and **DENIED, in part**, as set forth below.

**I.    BACKGROUND**

This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and breach of a franchise agreement and guaranty, brought by Plaintiff FLSC Recycling, LLC against Defendants Jon Huynh, Tan Huynh, and OC Textile Recycling, Inc.

Plaintiff commenced this action in this Court on January 6, 2022. (ECF No. 1). Defendants were served with process but failed to appear. (ECF Nos. 15, 16, 17). Accordingly, Plaintiff moved for, and the Clerk entered, default against Defendants. (ECF Nos. 18. 19).

On February 23, 2023, Plaintiff moved for the entry of default final judgment and for an injunction against Defendants. (ECF No. 24). Plaintiff also sought attorney's fees and costs in that motion. The District Court granted the motion on March 30, 2023 and entered default judgment in favor of Plaintiff and against Defendants on Plaintiff's trademark infringement, unfair competition, and breach of contract claims. (ECF No. 25). The District Court also entered a permanent injunction against Defendants, and retained jurisdiction to determine damages, attorney's fees, and costs sought by Plaintiff.

In accordance with the District Court's Order entering default final judgment, Plaintiff filed a Supplemental Motion on Default Final Judgment for an Award of Damages, Attorney's Fees, and Costs. (ECF No. 26). The District Court granted the motion on June 28, 2023, awarding Plaintiff damages in the amount of $49,674.88. (ECF No. 28). In that Order, the District Court directed Plaintiff to request an award of fees and costs by separate motion. The instant Motion followed.

**II.     DISCUSSION**

The Court first turns to Plaintiff's entitlement to an award of fees and costs before assessing the amount of the award.

**A.     Entitlement**

It is well-established under the "American Rule" that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins.*, 560 U.S. 242, 253 (2010). "There are three exceptions to the American Rule:

(1) when a statute grants courts the authority to direct the losing party to pay attorney's fees; (2) when the parties agree in a contract that one party will pay attorney's fees; and (3) when a court orders one party to pay attorney's fees for acting in bad faith." *In re Home Depot Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019).

Plaintiff argues that it is entitled to attorney's fees and costs as the prevailing party, pursuant to the Parties' Franchise Agreement, because the District Court granted Plaintiff's motion for default final judgment.

Section 23.1 of the Parties' Franchise Agreement provides:

> Franchisor will be entitled to recover from Franchisee reasonable attorneys' fees, experts' fees, court costs and all other expenses of litigation, if Franchisor prevails in any action instituted against Franchisee to secure or protect Franchisor's rights under this Agreement, or to enforce the terms of this Agreement.

(ECF No. 29-1 at § 23.1).[1] The District Court entered default final judgment in this action in favor of Plaintiff and against Defendants on Plaintiff's claims for federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and on Plaintiff's claim for breach of the franchise agreement under Florida law. (ECF No. 25, 28). Thus, Plaintiff has prevailed in an action against Defendants to enforce the terms of the Parties' Franchise Agreement.

Accordingly, the Court finds that Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, court costs, and all other expenses of litigation, in accordance with Section 23.1 of the Parties' Franchise Agreement.

---

[1] The Clothes Bin Franchise Agreement is between Plaintiff FLSC Recycling, LLC as franchisor and Defendants Jon Huynh and Tan Huynh, as franchisee. (ECF No. 29-1 at 5). The Parties executed an assignment of the franchise agreement to Defendant OC Textile Recycling, Inc., with Defendants Jon and Tan Huynh as personal guarantors. (ECF No. 1 at ¶ 16).

### B. Amount of the Award

Next, the Court turns to the amount of the award. In its Motion, Plaintiff seeks $20,441.75 in attorney's fees.

#### 1. Applicable Law

In assessing the reasonableness of a request for attorney's fees, courts in the Eleventh Circuit apply the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley*, 461 U.S. at 433).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 1350 n.2 (citing *Johnson*, 488 F.2d at 717–19).

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)

(quoting *Norman*, 836 F.2d at 1303).  Courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  *Id.* at 428.  When a request for attorney's fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut.  *Bivins*, 548 F.3d at 1350; *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing a party's fee request with an across-the-board cut based upon billing inefficiencies).  Although courts may apply either method, they cannot apply both.  *Bivins*, 548 F.3d at 1351.  Finally, courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

### 2. Reasonable Hourly Rate

In computing the lodestar, the first step is to determine the reasonable hourly rate, defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299).  The Court is deemed an expert on the issue of hourly rates and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Id.* (quoting *Norman*, 836 F.2d at 1301).

Plaintiff seeks to recover fees billed by the following timekeepers at the following hourly rates: (i) attorney Robert M. Einhorn at a rate of $525.00 per hour; (ii) attorney Kaari Gagnon at a rate of $450.00 per hour; (iii) attorney Himanshu M. Patel at a rate of $450.00 per hour; (iv) attorney Jacky Beda at a rate of $325.00 per hour; (v) attorney Michael Braunstein at a rate of $325.00 per hour; (vi) law clerk Margareth Guedes at a rate of $120.00 per hour; (vii) paralegal

Nadia Espinosa at a rate of $120.00 per hour; (viii) paralegal Anite Coro at a rate of $75.00 per hour; and (ix) paralegal Ingrid Morfi at a rate of $75.00 per hour. In support of the request, Plaintiff has filed the affidavit of attorney Robert M. Einhorn. (ECF No. 26-4).

Neither the Motion nor Mr. Einhorn's declaration detail the experience and qualifications for each timekeeper for whom fees are sought. However, the requested rates are reasonable based on trends in this District, the undersigned's knowledge and experience in the area of attorney's fees, prior fee awards in this District for the timekeepers in this matter, and recent but abating inflationary pressures.

Indeed, the rates requested here are either lower than or on par with rates previously found reasonable in this District for some of the attorney timekeepers identified above ($450.00 per hour sought for Ms. Gagnon and $325.00 per hour sought for Mr. Braunstein). *See Dental Fix Rx, LLC v. Moore*, No. 17-62218-CIV, 2022 WL 358349, at *2 (S.D. Fla. Jan. 21, 2022) (Hunt, Mag. J.), *report and recommendation adopted*, No. 17-62218-CIV, 2022 WL 356463 (S.D. Fla. Feb. 7, 2022) (finding $475.00 hourly rate reasonable for attorney Kaari-Lynn S. Gagnon; and finding $325.00 hourly rate reasonable for attorney Michael Braunstein).

As for Mr. Einhorn, though the rate requested here is higher than rates previously found reasonable for him in this District, the requested rate is nonetheless commensurate with Mr. Einhorn's experience and qualifications. *See id.* (finding $475.00 hourly rate reasonable for attorney Robert M. Einhorn while noting that Mr. Einhorn is the managing partner of his firm with 31 years of experience). Notwithstanding the absence of explanation in the Motion for the $50.00 per hour increase in Mr. Einhorn's rate from 2022, the request for an hourly rate of $525.00 for Mr. Einhorn is unopposed. The Court further recognizes that the market will bear a higher hourly rate with each year of experience an attorney accrues. The Court thus finds that, under the

circumstances presented in this case and on this fee motion, the requested rate for Mr. Einhorn is reasonable.

In addition, the requested hourly rate of $120.00 for Ms. Guedes, a law clerk at counsel's firm, is reasonable. *See Drone Nerds Franchising LLC v. Childress*, No. 19-CV-61153, 2020 WL 6264701, at *3–4 (S.D. Fla. Oct. 7, 2020) (Strauss, Mag. J.), *report and recommendation adopted*, No. 19-CIV-61153-RAR, 2020 WL 6263003 (S.D. Fla. Oct. 23, 2020) (finding hourly rate of $200.00 reasonable for a law clerk/recent law school graduate at Mr. Einhorn's firm).

While no information has been provided detailing Mr. Patel's or Mr. Beda's experience, Mr. Patel's public profile on The Florida Bar website reflects that he has been admitted to practice in Florida since May 10, 1999 and he thus has more than 20 years of experience. Mr. Beda's public profile on The Florida Bar website reflects that he has been admitted to practice in Florida since September 28, 2017 and he thus has more than 5 years of experience. Based on the foregoing, the requested rates of $450.00 per hour and $325.00 per hour for these timekeepers, respectively, are reasonable in this matter. *See Northstar Moving Holding Co. v. Van Lines*, No. 19-62176-CIV, 2022 WL 4228616, at *2 (S.D. Fla. Aug. 26, 2022) (Hunt, Mag. J.), *report and recommendation adopted sub nom. NorthStar Moving Holding Co. v. King David Van Lines*, No. 0:19-CV-62176, 2022 WL 4182461 (S.D. Fla. Sept. 13, 2022) (finding reasonable hourly rates of $494.33 for a partner with over 15 years of experience and $318.04 for an associate with over three years of experience in a trademark infringement case that proceeded to default final judgment).

Last, the hourly rates requested here for counsel's paralegals—$120.00 and $75.00 per hour—are reasonable. Hourly rates of no more than $125.00 are typically found reasonable in the Southern District of Florida when assessing rates for time billed by paralegals. *See, e.g.*, *Ferrer v. TK Promotions, Inc.*, No. 1:21-CV-20929-JB, 2023 WL 4295319, at *5 & n.3 (S.D. Fla. June 29,

7

2023) (Becerra, Mag. J.) (reducing request of $150.00 hourly rate to $125.00 for time billed by a paralegal with eleven years of experience and a master's degree).

Accordingly, the undersigned recommends that the District Court award fees at the requested rates: (i) attorney Robert M. Einhorn at a rate of $525.00 per hour; (ii) attorney Kaari Gagnon at a rate of $450.00 per hour; (iii) attorney Himanshu M. Patel at a rate of $450.00 per hour; (iv) attorney Jacky Beda at a rate of $325.00 per hour; (v) attorney Michael Braunstein at a rate of $325.00 per hour; (vi) law clerk Margareth Guedes at a rate of $120.00 per hour; (vii) paralegal Nadia Espinosa at a rate of $120.00 per hour; (viii) paralegal Anite Coro at a rate of $75.00 per hour; and (ix) paralegal Ingrid Morfi at a rate of $75.00 per hour.

### 3. Reasonable Number of Hours Expended

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel.*" *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *Id.* at 428. Counsel must have reliable evidence to support hours that are claimed. *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988). If the fee applicant fails to exercise the required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary." *Id.*

The Court first finds that Plaintiff may properly seek to recover fees for work performed on all claims asserted in this action because Plaintiff's federal trademark claims and state breach

of contract claim are inextricably intertwined. Indeed, the use of Plaintiff's marks by Defendants is governed by the Parties' agreement, *see* (ECF No. 29-1 at § 14); Plaintiff has established that Defendants breached that agreement including with respect to Defendants' unauthorized use of Plaintiff's marks. Plaintiff's federal trademark claims and state breach of contract claim are therefore all inextricably intertwined, and Plaintiff is entitled to seek fees, costs, and expenses incurred with respect to all claims asserted in this action, as long as those fees are reasonable. *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163–64 (11th Cir. 2017).

To that end, the Court has reviewed counsels' itemized billing records to determine whether the time expended on this matter was reasonably incurred and chargeable to Defendants. The Court finds that the time expended by the attorneys in this matter was reasonable based on review of counsel's time entries and thus the Court will recommend that fees be awarded for all time expended on this matter by Plaintiff's attorneys.

Plaintiff also requests fees for work incurred by counsel's paralegals who together billed 5.25 on this matter. "A court may award fees for the work of paralegals, but 'only to the extent that [they] perform work traditionally done by an attorney.'" *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (alteration in original) (quoting *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002)); *see also Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 3661940, at *4 (S.D. Fla. Mar. 15, 2016), *report and recommendation approved*, No. 12-80674-CIV, 2016 WL 3636867 (S.D. Fla. Apr. 6, 2016), *aff'd*, 676 F. App'x 846 (11th Cir. 2017). Clerical or administrative tasks that require no legal skill or training, such as scheduling, filing, and e-filing, should not be billed at an attorney or paralegal rate, as they are simple administrative tasks that can easily be completed by a full-time legal assistant. *Cohan v. Baby Marathon, LLC*, No. 20-60185-CIV, 2020 WL 6731041, at *5 (S.D. Fla.

Oct. 27, 2020), *report and recommendation adopted*, No. 20-60185-CIV, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020).

I recommend excluding from Plaintiff's award of fees: 0.25 hours paralegal Anite Coro spent downloading and then filing Returns of Service on February 8, 2022 (ECF No. 29-3 at 3); 0.40 hours paralegal Nadia Espinosa spent researching Defendants' birthdays on February 9, 2022 to prepare a military affidavit, (ECF No. 29-3 at 3); 0.40 hours paralegal Ingrid Morfi spent filing a proposed motion on February 23, 2022 (ECF No. 29-3 at 3); and 0.40 hour Morfi spent filing a motion on February 28, 2022 (ECF No. 29-3 at 4). *See Peress v. Wand*, 597 F. Supp. 2d 1320, 1325 (S.D. Fla. 2008) ("[H]owever, there is also work that the Court would consider non-legal, or work to be performed by a legal secretary. These instances include e-filing, on-line research regarding Defendants addresses and corporate structure, opening separate emails of documents that Plaintiff's counsel filed, preparing the civil cover sheet and summonses.").

Accordingly, the undersigned finds that the following time was reasonably incurred: (i) 9.10 hours billed by attorney Robert Einhorn; (ii) 0.60 hours billed by attorney Kaari Gagnon; (iii) 1.00 hour billed by attorney Himanshu M. Patel; (iv) 42.10 hours billed by attorney Jacky Beda; (v) 0.80 hours billed by attorney Michael Braunstein; (vi) 4.92 hours billed by law clerk Margareth Guedes; (vii) 3.50 hours billed by paralegal Anite Coro; and (viii) 0.30 hours billed by paralegal Ingrid Morfi.

### 4. Lodestar Calculation

Taking the reasonable number of hours worked by each timekeeper and multiplying those numbers by the reasonable hourly rate for each timekeeper, the Court determines that the lodestar amount totals **$20,315.40** in fees reasonably incurred in this case. A table summarizing the calculation of this figure is provided below.

| Timekeeper | Reasonbable Hourly Rate | Reasonable Hours Billed | Total |
|---|---|---|---|
| Robert Einhorn | $525.00/hour | 9.10 hours | $4,777.50 |
| Kaari Gagnon | $450.00/hour | 0.60 hours | $270.00 |
| Himanshu M. Patel | $450.00/hour | 1.00 hours | $450.00 |
| Jacky Beda | $325.00/hour | 42.10 hours | $13,682.50 |
| Michael Braunstein | $325.00/hour | 0.80 hours | $260.00 |
| Margareth Guedes | $120.00/hour | 4.92 hours | $590.40[2] |
| Nadia Espinosa | $120.00/hour | 0.00 hours | $0.00 |
| Anite Coro | $75.00/hour | 3.50 hours | $262.50 |
| Ingrid Morfi | $75.00/hour | 0.30 hours | $22.50 |
| | | | $20,315.40 |

There is a "strong" presumption that this lodestar figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). The Court thus finds that the foregoing lodestar calculation is reasonable and that no adjustment to the lodestar amount is warranted. Accordingly, the undersigned will recommend that the District Court award attorney's fees in that amount.

C. **Award of Costs and Expenses**

In its Motion, Plaintiff also seeks to recover $1,345.59 in costs incurred in the litigation. The Court assesses Plaintiff's request for costs under 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Southern District of Florida Local Rule 7.3(c).[3]

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as

---

[2] In its Motion, Plaintiff seeks to recover $590.00 for 4.92 hours billed by Ms. Guedes at a rate of $120.00 per hour. The Court calculates the correct figure as $590.40.

[3] Plaintiff's request for costs does not comply with the Local Rules of the Southern District of Florida. Plaintiff seeks, within a single motion, attorney's fees and costs some of which appear to be taxable under 28 U.S.C. § 1920 (*i.e.*, the filing fee, costs for service of process, and photocopying costs) and therefore governed by its requirements. *Cf.* S.D. Fla. L.R. 7.3(a) ("A party shall seek costs that are taxable under 28 U.S.C. § 1920 by filing and serving a bill of costs and supporting memorandum in accordance with paragraph 7.3(c) below. The costs and expenses sought in a motion under this paragraph shall not include any cost sought in a bill of costs."). Plaintiff has not submitted a request for costs on AO Form 133. S.D. Fla. L.R. 7.3(c). Moreover, Plaintiff has not provided original documentation in support of the request for costs. *Cf.* S.D. Fla. L.R. 7.3(a)(6), 7.3(c).

costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

First, the Court finds that Plaintiff is the prevailing party entitled to an award of taxable costs. Plaintiff has obtained a default final judgment for money damages and an injunction in its favor and therefore Plaintiff is the prevailing party for purposes of its request for costs. *See Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1376 (11th Cir. 2022) (first citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001); and then citing *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)).

Second, the Court finds that Plaintiff is entitled to recover the $402.00 sought for the filing fee paid upon commencing this action. The receipt for the filing fee is evidenced on the docket. *See* Docket Text for ECF No. 1. Under Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C.

§ 1920, and Southern District of Florida Local Rule 7.3(c), Plaintiff is entitled to the full amount of the filing fee. *See* 28 U.S.C. § 1920(1); *Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *4 (S.D. Fla. Nov. 20, 2020).

However, Plaintiff additionally seeks to recover costs associated with service of process in amounts that exceed the hourly rate for service by the U.S. Marshal. No invoices from the process server have been submitted to substantiate the requests. Plaintiff also seeks to recover in-house photocopying costs, legal research expenses, and costs incurred from shipping or mailing through Federal Express. The Motion suggests that all of these costs, amounting to $943.59, relate to service of process on Defendants. *See* (ECF No. 29 at 4). Because Plaintiff has not supported the requests for these costs with invoices or receipts, and because Plaintiff otherwise does not explain the necessity within the context of 28 U.S.C. § 1920, the Court does not recommend that Plaintiff be awarded the $943.59 in costs sought for service of process, legal research, photocopying, and mailing.

Accordingly, the Court recommends that Plaintiff be awarded $402.00 in taxable costs for the filing fee incurred in this case.

## III.   RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff FLSC Recycling, LLC's Motion for an Award of Attorneys' Fees and Costs (ECF No. 29) be **GRANTED, in part,** and **DENIED, in part**, and that Plaintiff be awarded **$20,315.40** in attorney's fees and **$402.00** in costs.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and

Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 12th day of December, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable K. Michael Moore
Counsel of record